

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,109-01

### EX PARTE CHRISTOPHER ALEXANDER GARZA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 9851-A IN THE 27th DISTRICT COURT
### FROM LAMPASAS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of evading arrest with a vehicle and sentenced to twenty years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because he failed to secure a plea bargain agreement and failed to secure Applicant's right to appeal. The State filed an answer stating that they offered Applicant a five year plea offer and trial counsel was allowed to withdraw before the time to file a timely notice of appeal had passed. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC.

art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings as to whether counsel communicated the State's five year plea offer to Applicant and whether Applicant ever informed counsel or the court of his desire to appeal. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 22, 2020

Do not publish